HARRISON MORRISON, Respondent, v. BALTIMORE AND OHIO RAILROAD COMPANY, Appellant.

First Department, April 5, 1917.

Action by non-resident against foreign corporation — Code Civil Procedure, section 1780, subdivision 4, construed — amendment creating said right of action not retroactive — breach of alleged contract of employment in foreign State.

Subdivision 4 of section 1780 of the Code of Civil Procedure, added by chapter 60 of the Laws of 1913, allowing a non-resident to maintain an action in the courts of this State against a foreign corporation which is doing business within this State is not retroactive and is inapplicable to actions accruing before the enactment.

Said amendment to section 1780 of the Code of Civil Procedure did not affect procedure only, but created a remedy which had not previously existed and hence a new legal right.

Thus, a non-resident plaintiff cannot sue a foreign railroad corporation in our courts to recover for the breach of an alleged contract made in the foreign jurisdiction to employ the plaintiff permanently in consideration of his refraining from suing the defendant for negligence which caused personal injuries in the foreign State, if the alleged contract and the breach thereof were made prior to the aforesaid amendment to the Code.

APPEAL by the defendant, Baltimore and Ohio Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

York on the 13th day of June, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Lyle H. Hall,* for the appellant.

*John Ridout,* for the respondent.

Shearn, J.:

The defendant challenges the jurisdiction of the court to entertain the action.

Plaintiff sues upon an alleged agreement of the defendant, a foreign corporation, made in the District of Columbia, where plaintiff resided long prior to the agreement and at the time of the agreement and at the time of the trial, whereby defendant promised to give plaintiff permanent employment in consideration of plaintiff's refraining from suing the defendant for its negligence in causing the loss of plaintiff's leg while engaged in its employment. The accident occurred in February, 1907, in Washington. The alleged agreement was made in January, 1908. The breach occurred on June 24, 1908, and this action was begun on September 11, 1913. At the time the alleged cause of action accrued no right of action thereon existed in the courts of this State. On September 1, 1913, subdivision 4 of section 1780 of the Code became effective, creating and allowing a right of action against a foreign corporation by a non-resident "where a foreign corporation is doing business within this State." (See Laws of 1913, chap. 60.) Unless this amendment was retroactive, this action cannot be maintained. It was not retroactive, as clearly follows from the decision in *Jacobus* v. *Colgate* (217 N. Y. 235), holding that the amendment to the Code in section 982a, which became effective September 1, 1913 (Laws of 1913, chap. 76), and permitted an action to be maintained in this State to recover damages for injuries to real estate situated without the State, was not retroactive. This was not a change of procedure. The amendment supplied a remedy where previously there was none of any kind. So to do *creates* a right of action. Judge Cardozo says in *Jacobus* v. *Colgate* (*supra*):

"To supply a remedy where previously there was none of any kind, is to create a right of action. We need not dwell upon the question whether before this amendment of the Code, a trespass on foreign lands was recognized by our law for any purpose as constituting a wrong (Dicey Conflict of Laws [2d ed.], pp. 31, 32). If we recognized it as a wrong, we gave no redress for it. If the injured owner had suffered an impairment of his right, he had none the less no right of action. He may have had one under the laws of some other State or country. He had none under our laws. His cause of action till then was local, and limited by the boundaries of the State where the wrong was done."

It is no answer to say that the courts of this State have always recognized that breaches of contracts were wrongs. As Judge CARDOZO says, assuming that our courts recognized a trespass on foreign lands as a wrong: "If we recognized it as a wrong, we gave no redress for it." The plaintiff may have had a right of action under the laws of some other State, but he had none under our laws. His cause of action until the right to a remedy was given under our laws was local, and the only way in which section 1780, subdivision 4, of the Code could be construed to give a right of action, as of 1908, would be to hold that it was retroactive, whereas there is no indication of any legislative purpose to make the amendment retroactive. The suit, therefore, cannot be maintained. It is unnecessary to consider the effect of the Statutes of Limitations of the District of Columbia or of the State of Maryland.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.